875 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Simpson J. BELL, JR., Plaintiff-Appellant,
v.
Lynn J. GRUENIG, Defendant-Appellee.
 No. 88-1791.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 13, 1989.
Decided: May 17, 1989.
 
 William Gerard Connelly (Stern and Connelly, on brief), for appellant.
 Glenn Wilbur Trimmer (Rollins, Smalkin, Richards & Mackie, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Simpson J. Bell, Jr. appeals from the grant of summary judgment in favor of Lynn J. Gruenig in his automobile negligence action. We affirm.
 
 
 2
 On the night of May 13, 1987 Bell drove his tractor-trailer to an industrial park in Jessup, Maryland to make a delivery. At approximately 10:30 p.m. he pulled over to the curb of Patuxent Range Road to determine his exact location. Bell parked the truck mid-block facing east with the motor running and the lights on. He then exited the truck and proceeded across the road. At the same time, Gruenig was turning west onto Patuxent Range Road traveling within the speed limit. In the west-bound lane approximately 100 feet from the intersection, Gruenig struck Bell with the left front corner of her car. There were no street lights in the area and Bell was wearing dark clothing.
 
 
 3
 Bell filed this diversity action alleging that Gruenig negligently caused his injuries. However, he failed to submit any evidence of negligence on her part. Maryland law provides that: "If a pedestrian crosses a roadway at any point other than in a marked crosswalk or in an unmarked crosswalk at an intersection, the pedestrian shall yield the right-of-way to any vehicle approaching on the roadway." Md.Transp.Code Ann. Sec. 21-503 (1987). Since Bell was not crossing the road at a crosswalk, Gruenig had the right-of-way. She also was driving in a lawful manner. Therefore, the district court properly granted summary judgment in favor of Gruenig.
 
 
 4
 AFFIRMED.